## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

v.                                                                   Case No.: 1:22-cr-11-RJL

**ZACHARY JOHNSON**

_____/

### UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE

**COMES NOW**, ZACHARY JOHNSON, the Defendant, by and through undersigned counsel, and hereby moves this Court for an order to modify conditions of release.  Specifically, Mr. Johnson moves for his GPS monitoring by an ankle bracelet be modified to a Curfew monitored by a landline (a different location monitoring device), provided that any travel outside of the Tampa District for work be preauthorized by Pretrial Services.  The United States consents to this request.  As grounds in support thereof, Mr. Johnson would state the following:

1. On January 15, 2022, Mr. Johnson appeared before Honorable United States Magistrate Judge Julie S. Sneed in the District Court, Middle District of Florida, Tampa Division, for a Rule 5(c) proceeding.  Mr. Johnson was released on conditions of release and ordered to appear by video for his initial appearance before this Court on January 20, 2022.  *See United States v. Zachary David Johnson*, 8:22-mj-1039-JSS, Doc. 8.

2. On January 20, 2022, Mr. Johnson appeared before the Court for an initial appearance and detention hearing. Doc. 14. Conditions of Release were fashioned by Honorable United States Magistrate Judge G. Michael Harvey. Those conditions included, without limitation, home detention which requires Mr. Johnson to be at his residence at all times except for employment, education, religious services, medical, substance abuse, mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities approved in advance by pretrial services. Doc. 14, page 2. Mr. Johnson is also required to wear a GPS monitor at all times. Doc. 14, page 3.

3. On September 28, 2022, Hurricane Ian, made landfall in Southwest Florida with sustained winds of 150 miles, constituting a Category 4 storm. There is extensive damage in Naples, Bonita Beach, Estero, Fort Myers, Punta Gorda, and Charlotte, Florida—all in the Middle District of Florida. The damage, however, is not limited to Southwest Florida. It also extends to Tampa, Orlando, and Jacksonville. There is hurricane damage in almost the entire Middle District of Florida. As a result, there is high demand for construction workers and contractors.

4. Mr. Johnson is a self-employed subcontractor. His work includes carpentry, painting, flooring, and even some tree work. His services are currently in high demand in the Middle District of Florida. The GPS monitor makes it very difficult for him to complete certain subcontracting work because he

cannot put his work boots on with the GPS monitor attached to his leg. Most of his current employment opportunities take him outside of the St. Petersburg area, where he lives. Mr. Johnson is currently leaving his house for work at approximately 5:45 a.m. and returning at approximately 11:30 p.m. Mr. Johnson is currently traveling approximately two hours south for work to the areas hardest hit by Hurricane Ian, before driving approximately two hours back at the end of each work day.

5. Modification of Mr. Johnson's conditions of release to a Curfew monitored by a landline rather than a GPS monitor would allow him to wear his work boots and better assist in the rebuilding required in the Middle District of Florida. Mr. Johnson's Curfew would still be monitored by a location-monitoring device. Additionally, Mr. Johnson would be required to obtain preapproval from Pretrial Services before working outside the Tampa District to ensure Mr. Johnson's compliance with his Curfew.

6. Defense Counsel has contacted Assistant United States Attorneys Nadia Moore and Michael Gordon, who represent the Government, who have no objections to Mr. Johnson's Conditions of Release being modified to allow for a Curfew monitored by a landline in lieu of GPS Monitoring, provided Mr. Johnson obtains preapproval by Pretrial Services for travel for work outside the Tampa District of the Middle District of Florida.

7. It is Defense Counsel's understanding from the Government that Pretrial Services is not against a Curfew with a location monitoring device. Pretrial Services defers to the Court on Mr. Johnson's motion for removal of the ankle bracelet.

## MEMORANDUM OF LAW

Under United States Code 18 U.S.C. § 3142(c)(3), "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." Mr. Johnson submits that he has established good cause for an amendment of the Order granting a modification of his current conditions of release.

Wherefore, Mr. Johnson would respectfully move the Court to allow an amendment to its Order granting a modification of his conditions of release such that Mr. Johnson will be required to comply with a Curfew with a location monitoring device and will no longer have to comply with GPS Monitoring attached to his body. Moreover, Mr. Johnson shall obtain preapproval from Pretrial Services prior to working outside the Tampa District of the Middle District of Florida. Mr. Johnson submits that the Curfew should be up to the discretion of Pretrial Services who is best situated to know Mr. Johnson's current work schedule.

        Respectfully submitted,

        A. Fitzgerald Hall
        Federal Defender
        Middle District of Florida

        /s/ *G. Ellis Summers, Jr.*
        G. Ellis Summers, Jr., Esquire
        Florida Bar No. 0815691
        Assistant Federal Defender
        2075 W. First Street, Suite 300
        Fort Myers, Florida 33901
        Telephone: 239-334-0397
        Facsimile: 239-334-4109
        E-Mail: ellis_summers@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of October, 2022, the foregoing was electronically filed with the Clerk of Court and a copy will be sent electronically to Michael Gordon, Assistant United States Attorney, 400 North Tampa Street, Tampa, FL 33602, and Nadia Moore, Assistant United States Attorney, 271 Cadman Plaza East, Brooklyn, New York, 11201.

        /s/ *G. Ellis Summers, Jr.*
        G. Ellis Summers, Jr., Esquire
        Assistant Federal Defender